Dear Representative Bastin,
¶ 0 This office has received your request for an Attorney General opinion addressing, in effect, the following questions:
1. Is the current Oklahoma Certified Real Estate Appraisers Actconstitutional in its references to minimum standards asdetermined by the Appraiser Qualifications Board, an arm of theAppraisal Foundation?
2. Has the Real Estate Appraiser Board impermissibly promulgatedrules concerning examinations for certification when such rulesare mandated by an organization such as the AppraisalFoundation?
 I. THE OKLAHOMA CERTIFIED REAL ESTATE APPRAISERS ACT
¶ 1 Your first question asks whether references in the Oklahoma Certified Real Estate Appraisers Act ("the Appraisers Act") to the Appraiser Qualifications Board renders the Appraisers Act unconstitutional. The answer to this question is no.
¶ 2 The Appraisers Act is codified at 59 O.S. 1991, §§858-700[59-858-700] through 858-731, and supplemented at 59 O.S.Supp. 1994,§§ 858-703[59-858-703] through 858-723. Until 1994 the statute provided, in one of the provisions, that:
 Certified Appraiser — As a prerequisite to taking the examination for certification as a Certified Appraiser, an applicant shall present satisfactory evidence to the [Real Estate Appraiser] Board that such applicant has successfully completed not less than one hundred sixty-five (165) classroom hours of courses in subjects related to real estate appraisal. . . .
59 O.S. 1991, § 858-712[59-858-712](A)[1] (emphasis added).
¶ 3 In 1992 the Appraisers Act was amended to increase from two to three the different categories of appraisers and provide for different levels of pre-certification education for each category. Additionally, in 1994, Section 858-712 was amended to provide:
 State Certified General Appraiser — As a prerequisite to taking the examination for certification as a State Certified General Appraiser, an applicant shall present satisfactory evidence to the Board that such applicant has successfully completed the minimum requirement of classroom hours promulgated by the Appraiser Qualifications Board of the Appraisal Foundation. . . .
59 O.S.Supp. 1994, § 858-712[59-858-712](A)[2] (emphasis added).
¶ 4 Section 858-713 was also amended from previous language requiring two years of experience for certification as an Oklahoma Certified or Licensed Appraiser to provide:
 An original certification as a state certified general or a state certified residential appraiser shall not be issued to any person who does not possess the equivalent of the minimum requirements of experience promulgated by the Apprais[er] Qualifications Board of the Appraisal Foundation. . . .
59 O.S.Supp. 1994, § 858-713[59-858-713](A).
¶ 5 These 1994 amendments require the Real Estate Appraiser Board ("the Appraiser Board") to adhere to the minimum classroom hours and experience levels promulgated by the Appraiser Qualifications Board of the Appraisal Foundation.[3] The question is whether such referencing to the Appraisal Foundation is constitutional.
¶ 6 The Oklahoma Supreme Court has spoken to the question of the power of the Legislature to lay down policy and establish rules and standards for carrying out that policy:
 It is well settled in this jurisdiction that the power to determine the policy of the law is primarily legislative and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions . . . is . . . administrative and can be delegated. . . . The general rule is that if the statute involved lays down the policy of the Legislature and establishes a standard or guideline for administrative action, the delegation is proper.
. . . .
 Clearly the legislative body must declare the policy of the law and fix some kind of legal principles
which are to control in given cases. It must provide an adequate yardstick for the guidance of the executive or administrative body. . . .
State v. Parham, 412 P.2d 142, 150, 151 (Okla. 1966) (emphasis added) (citations omitted).
¶ 7 By its action in referencing the minimum standards of the Appraisal Foundation, standards consistent with the requirements for appraisals of federally related transactions, the Legislature has constitutionally exercised its power to establish a yardstick for necessary administrative action consistent with that required by federal statute. The Legislature has, in effect, chosen to incorporate by reference the Appraiser Qualifications Board requirements as minimums rather than detailing these minimum standards in the statute in question. Under the logic of Statev. Parham, this is constitutionally permissible.
¶ 8 This methodology of referencing nationally recognized minimum standards has been examined and found constitutional in recent Attorney General Opinion No. 95-28. In that Opinion judicial authority from various jurisdictions was examined. That examination led to the conclusion that, in cases analogous to the one here, reference to minimum standards provided by a non-governmental agency was not an impermissible delegation of power. As the Colorado Supreme Court stated in upholding references to minimum standards of the North Central Association of Colleges and Secondary Schools:
 Necessity fixes a point beyond which it is unreasonable and impracticable to compel the legislature to prescribe detailed rules for the purpose of avoiding an unconstitutional delegation of authority. We deem it sufficient in the instant case that the legislature clearly delineated a general policy, as was done in the act under consideration[.]
Colorado Polytechnic College v. State Board for CommunityColleges and Occupational Education, 476 P.2d 38, 42 (Colo. 1970).
¶ 9 The logic articulated above by the Colorado Supreme Court and in other cases cited in Attorney General Opinion No. 95-28 is persuasive. The references to the minimum standards as required by the Appraiser Qualifications Board serve as a permissible legislative yardstick for the Appraiser Board. The Legislature's decision not to specify those minimum standards in the legislation, does not constitute an impermissible delegation of power to the Appraiser Board which would render the current Oklahoma Certified Real Estate Appraisers Act unconstitutional.
 II. RULES PROMULGATED UNDER THE APPRAISERS ACT
¶ 10 Your second question asks whether it is permissible for the Appraiser Board to promulgate rules concerning examinations if such rules are mandated by an organization such as the Appraisal Foundation. A review of the relevant statutes and rules demonstrates that no such mandate is set forth in the Appraiser Board's rules.
¶ 11 As stated in the Appraisers Act, each level of appraiser must pass a written examination in specific areas of knowledge:
 A. An original certification as a state licensed, state certified residential or state certified general real estate appraiser shall not be issued to any person who has not made application with the Board within ninety (90) days of having demonstrated through a written examination process that such person possess the following:
 1. Appropriate knowledge of technical terms . . . and economic concepts . . .;
 2. Understanding of the principles of land economics, real estate appraisal processes, and of problems likely to be encountered . . .;
 3. Understanding of the standards for the development and communication of real estate appraisals . . .;
 4. Knowledge of theories of depreciation, . . . capitalization . . .;
 5. Knowledge of other principles and procedures . . .;
6. Basic understanding of real estate law; and
 7. Understanding of . . . misconduct for which disciplinary proceedings may be initiated. . . .
 B. As long as the Board contracts with a private testing firm in the administration of the written examination process, the Board shall not require passing test scores which deviate from the recommendations of such private testing firm.
59 O.S.Supp. 1994, § 858-711[59-858-711] (emphasis added).
¶ 12 The statute which delegates the responsibility for preparation and administration of appraiser examinations states:
 The [Real Estate Appraiser] Board shall have the following powers and duties:
. . . .
 2. To establish the examination specifications for each category of Oklahoma certified real estate appraiser[.]
59 O.S. 1991, § 858-706[59-858-706](B).
¶ 13 The current, relevant rule promulgated under this statute provides:
 To be certified as a State Licensed Appraiser, State Certified Residential Appraiser or State Certified General Appraiser the applicant must pass the applicable examination that is appropriate for the classification or certificate.
Oklahoma Administrative Code 600:10-1-4.
¶ 14 Nowhere in this rule is there any reference to use of any rules mandated by an organization such as the Appraisal Foundation. There is nothing in the Appraiser Board's rule stated above mandated by an organization such as the Appraisal Foundation. Additionally, the wording of the above rule is clearly in furtherance of the statute requiring written examinations and authorizing the Appraiser Board to provide for those examinations, the legal benchmark for determination if a rule is valid. See Application of State Board of MedicalExaminers, 206 P.2d 211, 215 (Okla. 1949).[4] The Appraiser Board rule concerning examinations offers no evidence that the rule was mandated by an organization such as the Appraisal Foundation.[5]
 ¶ 15 It is therefore the Official Opinion of the AttorneyGeneral that:
1. The current Oklahoma Certified Real Estate Appraisers Act isconstitutional in its references to minimum standards asdetermined by the Appraiser Qualifications Board of the AppraisalFoundation. 59 O.S.Supp. 1994, § 858-712[59-858-712], § 858-713.
2. The Real Estate Appraiser Board has not impermissiblypromulgated rules concerning examinations for certificationunder 59 O.S. 1991, § 858-706[59-858-706], § 858-711.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL
[1] The statute also provided that a Licensed Appraiser complete seventy-five (75) hours of classroom instruction.
[2] In Section 858-712(B) and (C) detailing the pre-certification requirements of the other two levels of appraisers, reference is made in each section to minimum hours required by the Appraiser Qualifications Board of the Appraisal Foundation.
[3] The Appraisal Foundation is a not-for-profit Illinois corporation (12 U.S.C. § 3350(9)) authorized, in federal statutes controlling certification of appraisers for federally related transactions, to establish the minimum standards for state licensing for appraisers. 12 U.S.C. § 3345(a). Specifically, in order for an appraiser to become a "State certified real estate appraiser" under the federal statutes controlling appraisals for federally related transactions, an appraiser must have "satisfied the requirements for State certification in a State or territory whose criteria for certification as a real estate appraiser currently meets the minimum criteria for certification issued by the Appraiser Qualification Board of the Appraisal Foundation."12 U.S.C. § 3345(a). These standards are not binding upon the states for certification of appraisers for non-federally related transactions. 12 U.S.C. § 3345(e).
[4] In your request you attached correspondence from an individual which stated that prior to December 1994, no examination had been statutorily required for certification as a State Certified Residential Appraiser if that certification was requested by an appraiser who was a State Licensed Appraiser. The individual further stated that Oklahoma Law provided that a State Licensed Appraiser could "upgrade" to a Certified Residential Appraiser through continuing education and experience only. However, a review of the Oklahoma Certified Real Estate Appraisers Act indicates no such provision in the Appraisers Act. From the time the new categories of State Certified General Appraiser and Certified Residential Appraiser were established in 1992, the Appraisers Act has required a written examination fororiginal, or first time, certification as a Certified Residential Appraiser. 59 O.S.Supp. 1992, § 858-711[59-858-711](A). Moreover, each category of appraiser clearly requires examination as well as education for certification. 59 O.S.Supp. 1992, §858-712[59-858-712]. There is no certification by education or experience permitted in the statutes.
[5] There is no question in your request whether an examination prepared by the Appraisal Foundation may be administered by the Appraiser Board. However, a review of subsection B of 59O.S.Supp. 1994, § 858-711[59-858-711], indicates legislative authorization for administration of such tests by a private testing firm. Under the logic of State v. Parham, 412 P.2d at 150, 151, such legislative authorization is constitutional.